**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**SCOTT BOOTH,**

**Plaintiff;** **Case No.: ______________**

**vs.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

**Defendant.**

---

**COMPLAINT**

---

COMES NOW Plaintiff, Scott Booth (hereinafter "**Plaintiff**" or "**Mr. Booth**"), by and through his attorneys, and for his Complaint against Defendant, The Lincoln National Life Insurance Company (hereinafter "**Defendant**" or "**Lincoln**"), states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this matter is based on 28 U.S.C. § 1332 (federal court "diversity jurisdiction"). Plaintiff is a resident and citizen of the State of Tennessee. Upon information and belief, Defendant is an entity formed and organized under the laws of, and with headquarters/principal place(s) of business in, State(s) other than Tennessee. Further, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2. Venue is proper in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391 as a substantial part of the events, transactions, and occurrences material to his claim for breach of contract took place within the Middle District of Tennessee. For example, the denial letter from Lincoln dated December 10, 2019 was addressed and sent to Mr. Booth in Nashville, Tennessee, where he resides.

## RELEVANT PARTIES

3. Mr. Booth was an employee of the Canyon County Sheriff's Department in Caldwell, Idaho for a total of nineteen years, most recently as Police Sergeant. However, due to his established disability, he last worked there on or about March 25, 2015.

4. As an incident to his employment, Mr. Booth was enrolled in Canyon County's Long-Term Disability Plan and corresponding insurance policy (**Policy No.: 000010185141**) (hereinafter the "**Plan**" and the "**Policy,**" respectively).

5. At all times relevant hereto, Canyon County was the plan sponsor and plan administrator.

6. At all times relevant hereto, Lincoln was the underwriter, provider of benefits, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan and under the Policy. Thus, it is apparent on the face of the record that Defendant Lincoln has a financial conflict of interest/bias that may impact the review of this matter by the Court.

7. At the times relevant hereto, Lincoln acted as agent for the Plan and for plan sponsor/plan administrator Canyon County.

8. Under the Plan and/or Policy, Canyon County delegated or assigned to Lincoln the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; i.e., decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

9. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

10. The Plan/Policy defines Disability as follows:

> During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any occupation which his or her training, education or experience will reasonably allow.

## STATEMENT OF FACTS

11. Plaintiff realleges and reavers paragraphs 1 through 10 of the Complaint, incorporating them by reference herein as if specifically restated.

12. Mr. Booth is currently 51 years old, and his date of birth is in October, 1970.

13. Mr. Booth was employed by the Canyon County Sheriff's Department for approximately nineteen years. When he last worked, he was earning an annual salary of approximately $61,000.00.

14. Due to his established medical disability, Mr. Booth's last day of work was on or about March 25, 2015.

15. The medical conditions that form the basis for Plaintiff's disability include, without limitation, the following: panhypopituitarism secondary to resected pituitary adenoma, failure of his body to produce adequate cortisol; hyperthyroidism; diabetes, including diabetes insipidus; neuropathy in both feet; back issues causing lower back pain including bulging discs (L4–L5), degenerative disc disease, and spinal stenosis; constant fatigue; cognitive/memory deficits; acute stress; and depression secondary to physical issues.

16. After he could no longer perform his work at the Canyon County Sheriff's Department, and based on his employment there, Mr. Booth was eligible and applied for short-term disability (STD) benefits through Lincoln. Lincoln paid STD benefits for approximately three months.

17. His medical condition not having improved, Mr. Booth was then eligible and

applied for LTD benefits, again through Lincoln. Lincoln paid LTD benefits for over four years. Those LTD benefits were paid for an initial year under the applicable "Own/Regular Occupation" definition of Disability per the Lincoln policy, then for over three years under the "Any Occupation" definition.

18. However, Lincoln then denied further LTD benefits.

19. The initial denial letter was dated December 10, 2019.

20. Despite due appeal(s) by or on behalf of Plaintiff, Lincoln has continued to deny LTD benefits. The final denial letter was dated July 14, 2021.

21. Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

22. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were conditions precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

23. At all times relevant hereto, *i.e.*, at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, his claim was and has continued to be amply supported by his treating medical providers, who have confirmed his continuing inability to work.

24. Also, Mr. Booth has been found to qualify for Social Security disability (SSD) benefits. By Notice of Award dated November 28, 2020, Mr. Booth was found disabled by the Social Security Administration -- effective as of October 4, 2020. This independent, freestanding determination by the federal government is part of the Administrative Record here, and it is persuasive evidence of continuing disability in this case.

25. The position taken by Lincoln in denying this claim, viewed against the entire record as properly constituted, cannot withstand judicial scrutiny. The "Any Occupation" review, analysis and decision by Lincoln were wrong, tortious and a breach of contract.

26. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, he is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that he otherwise continues to meet all applicable terms and conditions of same.

27. Pursuant to its terms, the Policy was delivered in the State of Idaho and is subject to the laws of that jurisdiction. Thus, Idaho law should apply in this matter.

28. Plaintiff has suffered a loss of monies, if not other/additional damages; thus, he alleges the causes of action set forth below.

## **CAUSES OF ACTION (CONTRACT & TORT)**

29. Plaintiff realleges and reavers paragraphs 1 through 28 of the Complaint, incorporating them by reference herein as if specifically restated.

30. Plaintiff makes claim for all permissible damages and relief based on breach of contract. This is based on the contract for LTD benefits between Lincoln and the Canyon County Sheriff's Department (of which Plaintiff was an intended third-party beneficiary, *i.e.*, Plan beneficiary) and/or the contract between Lincoln and certain Canyon County Sheriff's Department employees (including Plaintiff). Among other things, Lincoln has failed, and refuses as of today, to pay to Plaintiff under said contract(s) all of the LTD benefits to which he is entitled and which he relied upon receiving. Lincoln has also breached the covenant/duty of good-faith and fair dealing that accompanied said contract(s).

31. Plaintiff also makes a tort claim against Lincoln for all permissible damages and relief based on bad faith failure to pay on an insurance policy and breach of implied covenant of good faith and fair dealing.[1]

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter a money judgment in Plaintiff's favor and against Defendant, based on the causes of action alleged above; said money judgment to be in an amount sufficient to compensate Plaintiff fully for all actual, contractual, compensatory, consequential, incidental, and/or extra–contractual damages, injuries, losses and expenses caused by or due to Defendant's wrongful conduct; all as allowable under law and subject to the proof;

B. That the Court award to Plaintiff his attorney's fees and/or costs/expenses of suit pursuant to Idaho Code Ann. § 41–1839;

C. That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which he may be entitled by virtue of the facts and causes of action alleged above, and consistent with the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLA's"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer–sponsored retirement plan(s) (if and as any/all

[1] S*ee, White v. Unigard Mutual Ins. Co*., 730 P. 2d 1014 (Idaho 1986), and its progeny.

of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[2] and post-judgment interest[3] on all amounts awarded or to be awarded;

D. That the Court order (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that his benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

E. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

F. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise to amend/supplement this lawsuit and the Prayer for Relief based on additional fact/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this 5th of October, 2021.

---

[2] *See*, Idaho Code Ann. § 28–22–104.

[3] *See*, 28 U.S.C. § 1961.

**Respectfully Submitted,**


CODY ALLISON & ASSOCIATES, PLLC

/s/ K. Cody Allison
K. Cody Allison, BPR No. 20623
Samuel D. Payne, BPR No. 19211
Lauren W. Travis, BPR No. 32473
Parkway Towers
404 James Robertson Pkwy, Ste. #1623
Nashville, Tennessee 37219
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
lauren@codyallison.com