**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **SCOTT BOOTH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO. 3:21-cv-00765** |
| | ) | |
| **v.** | ) | **JUDGE TRAUGER** |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Scott Booth, and states as follows:

## JURISDICTION AND VENUE

1. To the extent that the allegations contained in Paragraph 1 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln admits this Court has jurisdiction over this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln admits that it is an Indiana Corporation that it is licensed to engage in the business of insurance in the State of Tennessee. Lincoln admits that by this action, Plaintiff is seeking recovery of an amount in excess of $75,000.00 from Lincoln, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that venue is proper in this Court. Lincoln admits it sent a letter to Plaintiff dated December 10, 2019, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

**RELEVANT PARTIES**

3. Lincoln admits Plaintiff was, at certain times, employed by the Canyon County Sheriff's Department (CCSD) in, Caldwell, Idaho, and that Plaintiff's last day of work at CCSD was March 25, 2015. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that, at certain times, Canyon County sponsored the Canyon County Long Term Disability Plan (the "LTD Plan"), which provided certain benefits to participating, eligible employees of Canyon County. Lincoln admits that it issued Group Disability Income Policy No. 000010185141 (the "Policy") to Canyon County, which, at certain times, insured benefits from the LTD Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits the allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that it issued the Policy to Canyon County, which, at certain times, insured benefits from the LTD Plan sponsored by Canyon County. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan

Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. To the extent that the allegations contained in Paragraph 9 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

**STATEMENT OF FACTS**

11. Lincoln incorporates its responses contained in Paragraphs 1 through 10 as if fully stated herein.

12. Lincoln admits that documents in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy contain information concerning Plaintiff's date of birth, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits Plaintiff was, at certain times, employed by the CCSD. Lincoln admits that documents in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy contain information concerning Plaintiff's wages/salary at the CCSD, and

Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln admits Plaintiff's last day of work at the CCSD was March 25, 2015. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the Canyon County Short-Term Disability Plan (the "STD Plan"), and that, at certain times, Lincoln was the claims administrator of claims for benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy, and that, at certain times, Lincoln was the claims administrator of claims for benefits from the LTD Plan under the Policy. To the extent that the allegations contained in Paragraph 17 seek to interpret the provisions of the Policy,

Lincoln refers to the Policy as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits it sent a letter dated December 10, 2019, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits it sent a letter dated December 10, 2019, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits Plaintiff's counsel submitted first and second level appeals of the denial of further benefits from the LTD Plan under the Policy. Lincoln admits it sent letters dated November 23, 2020, and July 14, 2021, to Plaintiff's counsel, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits the allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 23 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln further admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the claim file regarding

Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln denies the allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies the allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that the governing jurisdiction is Idaho. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln denies the allegations contained in Paragraph 28 of the Complaint.

**CAUSES OF ACTION**

29. Lincoln incorporates its responses contained in Paragraphs 1 through 28 as if fully stated herein.

30. Lincoln admits that by this action, Plaintiff is seeking recovery of long term disability benefits from the LTD Plan under the Policy, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that it issued the Policy to Canyon County and that Plaintiff was, at certain times, a participant in the LTD Plan. Lincoln further admits only that its decisions on Plaintiff's claim for benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy and that such

decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that by this action, Plaintiff is seeking recovery of long term disability benefits from the LTD Plan under the Policy, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

Lincoln denies the allegations contained in the Prayer for Relief of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Lincoln's actions regarding Plaintiff's claim were done in good faith and its determination of Plaintiff's claim was based on a reasonable investigation and Lincoln's good faith belief that its actions were in compliance with applicable laws and regulations and the requirements of the relevant disability benefits policy.

3. At all relevant times, Lincoln has acted in full compliance with the terms and provisions of the relevant disability benefits policy and all applicable laws.

4. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands and/or failure to fulfill conditions precedent under the terms of the applicable plan because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

5. Plaintiff's claims against Lincoln are barred by the terms, conditions, limitations, and exclusions specified in the relevant disability benefits policy.

6. Plaintiff was not "disabled" as defined by the applicable definition contained in the relevant disability benefits policy, and thus, did not qualify for benefits under the policy.

7. Lincoln's actions in this matter neither breached any Chapter of Title 56 of the Tennessee Code nor constituted unfair methods of competition or unfair and deceptive acts or practices in the business of insurance.

8. Lincoln specifically denies that it misrepresented, suppressed, or concealed material facts to Plaintiff.

9. Lincoln denies it was unjustly enriched or breached any duty owed to Plaintiff.

10. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the policy and/or the document governing the long term disability plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

11. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

12. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

13. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

14. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 8th day of November 2021.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

/s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Pro Hac Vice Motion Pending)
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the **8th day of November 2021**, a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed via the Court's CM/ECF electronical filing system, which served the following counsel of record via electronic notification:

K. Cody Allison, Esq.
cody@codyallison.com

Samuel D. Payne
sam@codyallison.com

Lauren W. Travis
lauren@codyallison.com

*/s/ Iwana Rademaekers*
Iwana Rademaekers