**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**SCOTT BOOTH,**

**Plaintiff;**

**vs.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

**Defendant.**

**Case No. 3:21-cv-00765**
**Judge Aleta A. Trauger**

---

# PROPOSED INITIAL CASE MANAGEMENT ORDER

---

Plaintiff, Scott Booth ("Plaintiff" or "Mr. Booth"), and Defendant, The Lincoln National Life Insurance Company ("Defendant" or "Lincoln"), file this Proposed Case Management Order and joint report of the parties pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 16.01. Pursuant to Federal Rule of Civil Procedure 26(f), the parties established the following schedule:

**A. JURISDICTION:** Jurisdiction is not disputed. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**B. BRIEF THEORIES OF THE PARTIES**

**1. Plaintiff:** Mr. Booth worked for the Canyon County Sheriff's Department in Caldwell, Idaho for a total of nineteen years, most recently as Police Sergeant. He was enrolled in Canyon County's Long-Term Disability Plan and corresponding insurance policy, underwritten by Lincoln.

Due to his medical disability, Mr. Booth's last day of work was on or about March 25, 2015. The medical conditions that form the basis for his disability include the following:

panhypopituitarism secondary to resected pituitary adenoma, failure of his body to produce adequate cortisol; hyperthyroidism; diabetes, including diabetes insipidus; neuropathy in both feet; back issues causing lower back pain including bulging discs (L4–L5), degenerative disc disease, and spinal stenosis; constant fatigue; cognitive/memory deficits; acute stress; and depression secondary to physical issues.

After he could no longer perform his work for the Canyon County Sheriff's Department, Mr. Booth applied for long-term disability ("LTD") benefits through Lincoln. Benefits were paid for over four years. LTD benefits were paid for an initial year under the applicable "Own/Regular Occupation" definition of Disability per the Lincoln policy, then for over three years under the "Any Occupation" definition. However, Lincoln denied further LTD benefits in a denial letter dated December 10, 2019.

Despite due appeal on behalf of Mr. Booth, Lincoln has continued to deny LTD benefits. Thus, Plaintiff makes claim for breach of contract and seeks the award of all LTD benefits due, as well as any other LTD-related benefits provided under the Plan/Policy. Further, Plaintiff seeks recovery of statutory damages and attorney's fees/costs.

**2. Defendant:** Lincoln denies that Mr. Booth is entitled to any relief by this action. To be eligible for benefits, Mr. Booth must be "totally disabled," as defined by the policy. Mr. Booth received benefits for the full duration of the "own occupation" definition of "totally disabled." However, on December 10, 2019, after a full and fair review, Lincoln found that Mr. Booth was no longer eligible for benefits under the "any occupation" definition of "totally disabled." As alternative occupations were identified that Mr. Booth could perform with his restrictions and limitations, he was not eligible for further benefits under the policy.

**C. ISSUES RESOLVED:** The parties agree that jurisdiction and venue are proper, and that Defendant was properly served.

**D. ISSUES STILL IN DISPUTE:** Whether Plaintiff is entitled to long-term disability benefits under the provisions of the Lincoln policy and, if so, in what amount.

**E. INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before December 27, 2021.

**F. DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before June 13, 2022. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

**G. MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before February 11, 2022.

**H. DISCLOSURE OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before April 13, 2022. The defendant shall identify and disclose all expert witnesses and reports on or before May 13, 2022.

**I. DEPOSITION OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before June 13, 2022.

**J. JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before April 1, 2022.

**K. DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before July 15, 2022. Responses to dispositive motions shall be filed within twenty-one (21) days

after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed twenty (20) pages. No motion for partial summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel, and the Court.

**L.** **ELECTRONIC DISCOVERY:** The parties will address any e-discovery issues by agreement, but do not anticipate the need for discovery of electronically stored information. Therefore, the default standard contained in Administrative Order No. 174-1 need not apply to this case.

**M.** **ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately two days.

It is so **ORDERED**.

______________________________
ALETA A. TRAUGER, United States District Judge

APPROVED FOR ENTRY:

**CODY ALLISON & ASSOCIATES, PLLC**

/s/ Lauren W. Travis
K. Cody Allison, BPR No. 020623
Samuel D. Payne, BPR No. 019211
Lauren W. Travis, BPR No. 032473
Parkway Towers
404 James Robertson Parkway, Ste. 1623
Nashville, TN 37219
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
lauren@codyallison.com

*Attorneys for Plaintiff*

**LAW OFFICE OF IWANA RADEMAEKERS, P.C.**

/s/ Iwana Rademaekers
Iwana Rademaekers, Texas Bar No. 16452560
(Admitted Pro Hac Vice)
17304 Preston Road, Suite 800
Dallas, TX 75252
Telephone: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

**PHELPS DUNBAR LLP**

J. Day Peake III, BPR No. 34917
315 Deaderick Street, Suite 1550
Nashville, TN 37238
Telephone: (615) 928-1893
day.peake@phelps.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December, 2021, it is anticipated that a true and exact copy of the foregoing will be served via the Court's CM/ECF system on:

Iwana Rademaekers
Law Office of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, TX 75252
iwana@rademaekerslaw.com

J. Day Peake III
Phelps Dunbar LLP
315 Deaderick Street, Suite 1550
Nashville, TN 37238
day.peake@phelps.com

/s/ Lauren W. Travis
Lauren W. Travis